UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KEITH OLEARY, TIMOTHY SHAW, and
NATHAN HAVILAND, on behalf of
themselves and all others similarly situated,

      Plaintiff,

v.

HCA HEALTHCARE, INC., a Delaware
Corporation doing business as HCA
FLORIDA; POINCIANA MEDICAL
CENTER, INC., a Florida Corporation; FORT
WALTON BEACH MEDICAL CENTER,
INC., a Florida Corporation; PALMS WEST
HOSPITAL LP, a Delaware Limited
Partnership, NORTH FLORIDA DIVISION I,
INC., a Florida Corporation; and EAST
FLORIDA DIVISION INC., a Florida
Corporation,

      Defendants.                   /

CASE NO.: 9:19-cv-80647

**MOTION OF DEFENDANTS NORTH FLORIDA DIVISION I, INC., EAST
FLORIDA DIVISION, INC. AND HCA HEALTHCARE, INC. TO DISMISS CLASS
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: 813 222 8180
Fax: 813 222 8189
*Attorneys for HCA Healthcare, Inc., North
Florida Division I, Inc., and East Florida
Division, Inc.*

# Contents

I.   Background ........................................................................................................... 1
    A.   Plaintiffs' Allegations ................................................................................ 1
    B.   Indisputable Facts Pertinent to HCA Healthcare and the Hospitals .................. 3
II.  Legal Standard ...................................................................................................... 4
III. Argument .............................................................................................................. 6
    A.   Plaintiffs' Allegations Fall Woefully Short of the Federal Pleading
        Standard ................................................................................................... 6
        1.   There Are No Allegations Against the Divisions ................................. 6
        2.   The Class Complaint Improperly Lumps Together All the
            Defendants, Rendering it Impossible to Determine Which
            Allegations Pertain to Which Defendants ............................................. 7
        3.   Plaintiffs' "Agency Allegations" Fail to Rehabilitate The
            Class Complaint's Fatal Flaws ............................................................ 8
    B.   The Class Complaint Fails to Plead any Factual or Plausible Basis
        for Claims Relating to Facilities Other Than the Named Hospitals,
        and Plaintiffs Lack Standing to Bring Any Such Claims ................................. 9
    C.   The Class Complaint Fails to State a Claim for Declaratory
        Judgment (Count I) ................................................................................. 11
        1.   Neither HCA Healthcare Nor the Divisions Are Parties to the
            COA ................................................................................................ 11
        2.   No Actual Controversy Presently Exists Between the Parties ............. 11
    D.   The Class Complaint Fails to State a Claim Against HCA Healthcare
        for Violation of FDUTPA Because It Was Not Engaged in Trade or
        Commerce (Count II) .............................................................................. 12
IV.  Joinder in Hospitals' Motion to Dismiss ................................................................ 15
V.   Conclusion ......................................................................................................... 15

Defendants North Florida Division I, Inc., East Florida Division, Inc. (together the "Divisions") and HCA Healthcare, Inc. ("HCA Healthcare";[1] together with the Divisions, the "Movants"), by and through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss Plaintiffs' Class Complaint and Demand for Jury Trial (Doc. 1-1, the "Class Complaint," abbreviated herein as "Compl."), for failure to state a claim. In support, Movants state:

## I. Background

### A. Plaintiffs' Allegations

Plaintiff Nathan Haviland received medical treatment at the emergency department of Poinciana Medical Center ("Poinciana") on October 23, 2016. (Compl. ¶ 39). He alleges that the "gross amount (before discounts) subsequently billed for the treatment/ services was $23,865.59, which included an undisclosed surcharge of $3,935.25…" (*Id*. ¶ 42). Plaintiffs are also suing Poinciana in this action, which is owned and operated by Defendant Poinciana Medical Center, Inc. (*Id.* ¶ 10).

Plaintiff Timothy Shaw received medical treatment at the emergency department of Palms West Hospital ("Palms West") on January 21, 2019. (Compl. ¶ 44). He alleges that the "gross amount (before discounts) subsequently billed for the treatment / services … was $5,437.00, which included an undisclosed surcharge of $1,642.00." (¶ 47). Plaintiffs are also suing Palms West Hospital Limited Partnership in this action, which owns and operates Palms West. (Compl. ¶ 12).

---

[1] Plaintiffs incorrectly refer to HCA Healthcare as "HCA Florida." Despite Plaintiffs' allegation, there is no Florida record for a fictitious name registration for "HCA Florida." The term "HCA" is a registered trademark, which any affiliate of HCA Healthcare, Inc. may use at its discretion.

1

Plaintiff Keith O'Leary's minor dependent received medical treatment at the emergency department of Fort Walton Beach Medical Center ("Fort Walton Beach") on December 18, 2017. (Compl. ¶ 49). He alleges that the "gross amount (before discounts) subsequently billed for the treatment/services… was $6,617.41, which included an undisclosed Surcharge…." (Compl. ¶ 52). The amount of the surcharge is not alleged. Plaintiffs are also suing Fort Walton Beach Medical Center, Inc. in this action, which is the owner and operator of Fort Walton Beach. (Compl. ¶ 11).

Poinciana, Palms West, and Fort Walton Beach are referred to jointly herein as the "Hospitals." Poinciana Medical Center, Inc., Palms West Hospital Limited Partnership, and Fort Walton Medical Center, Inc. are referred to jointly herein as the "Hospital Owners."

At its core, the Class Complaint alleges that the Hospitals use a standard Conditions of Admission ("COA") form which all patients execute (Compl. ¶ 30), and that the Hospitals unfairly billed each Plaintiff for an undisclosed emergency room "surcharge." (Compl. ¶ 30-32). Based on these allegations, Plaintiffs seeks class relief, asserting two claims: Count I for Declaratory Relief and Count II for alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiffs seek declaratory relief, injunctive relief, and an award of fees and costs, but do not seek money damages. (¶ 75, 76, and 86).

The Class Complaint fails to state a claim for relief against HCA Healthcare and the Divisions for the simple reason that Plaintiffs do not allege with any specificity that those defendants engaged in any billing activity or entered into any contracts with Plaintiffs, nor engaged in any other act that harmed Plaintiffs. Instead, the Class Complaint alleges, generically and repeatedly, that all "Defendants" engaged in an unconscionable billing

2

practice (Compl. ¶ 72). While these deficiencies alone are sufficient to warrant dismissal, the documents incorporated into the Class Complaint,[2] together with HCA Healthcare's Motion Requesting Judicial Notice (abbreviated "RJN") which is being filed contemporaneously with the instant Motion,[3] establish that there is no basis for asserting claims against HCA Healthcare and the Divisions.

### B. Indisputable Facts Pertinent to HCA Healthcare and the Hospitals

Plaintiffs' Class Complaint and HCA Healthcare's RJN establish the following indisputable facts:

- HCA Healthcare and the Hospital Owners are distinct legal entities that have been properly formed under the laws of the State of Delaware and the State of Florida, respectively. (Compl. ¶ 9-12; RJN Exs. 1 and 3-5 (HCA Healthcare Amended and Restated Certificate of Incorporation; Hospitals' respective Certificates of Formation).)

- HCA Healthcare is the ultimate parent company of the Hospital Owners. (RJN Ex. 2 (HCA Healthcare Form 10-K filed with Securities and Exchange Commission for 2018) at 3. ("The terms 'facilities' or 'hospitals' refer to entities owned and operated *by affiliates of HCA*") (emphasis added).)

- Each Hospital Owner, and not HCA Healthcare, owns and operates each Hospital. (RJN Ex. 2 at 3 and 4-8).

---

[2] This Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The terms of Plaintiffs' COAs are central to Plaintiffs' claims. Similarly, Plaintiffs reference their bills, detailing how much they were charged. (*Id.* ¶¶ 42, 47, and 52). The authenticity of these documents cannot be disputed.

[3] Documents of which the Court takes judicial notice may be considered by the Court when ruling on this Motion. A court ruling on a motion to dismiss may consider any document properly subject to judicial notice under Rule 201(b) of the Federal Rules of Evidence. *See Parks v. Experian Credit Bureau*, No. 6:09-cv-1284, 2010 U.S. Dist. LEXIS 9697, *3 (M.D. Fla. Feb. 4, 2010) ("When ruling on a motion to dismiss . . . a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations and internal quotation marks omitted).

- The Hospital Owners, and not HCA Healthcare, are the licensed owners and operators of the Hospitals under licenses issued by the Florida Agency of Health Care Administration. (RJN Ex. 6-8.)

- The other HCA Healthcare-affiliated facilities located in Florida referenced in the Class Complaint (*e.g.*, Compl. ¶ 21) are owned and operated by other affiliates of HCA Healthcare, and not HCA Healthcare itself. (RJN Ex. 2 at 3 and 4-8). ("The terms 'facilities' or 'hospitals' refer to entities owned and operated **by affiliates of HCA**") (emphasis added).)

## II.     Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed. R. Civ. P. 8.  Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. When a plaintiff fails to "'nudge[] [his or her] claims . . . across the line from conceivable to plausible,'" the complaint is properly dismissed. *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As such, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (holding plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (citing same) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice."); *see also Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

Furthermore, a plaintiff is not permitted to use a "group pleading practice" by lumping multiple parties together under a single count. Instead, a plaintiff must specify which defendant allegedly committed which purported act. *See Derrig v. City of Marco Island*, No: 2:12-cv-464, 2013 U.S. Dist. LEXIS 84752, *6 n.2 (M.D. Fla. June 17, 2013). Failure to do so constitutes a quintessential "shotgun pleading," which cannot survive a motion to dismiss. *Noon v. Carnival Corp.*, No. 18-cv-23181, 2019 U.S. Dist. LEXIS 17519, at *10-16 (S.D. Fla. Feb. 1, 2019) (observing that the complaint was "'a quintessential "shotgun" pleading . . . replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of'") (quoting *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001)).

Indeed, Plaintiffs' Amended Complaint filed in the Middle District of Florida was dismissed by Judge Dalton for this exact same pleading deficiency.[4] The current iteration of the complaint is largely unchanged, with the exception of some wordsmithing and additional rhetorical flourishes.

---

[4] See Judge Dalton's Order dated March 27, 2019 which is included in the Appendix of Select Pleadings from First Action filed herein at Docket No. 17 at #8.

**III.     Argument**

    **A.     Plaintiffs' Allegations Fall Woefully Short of the Federal Pleading Standard**

Due to its fundamental pleading deficiencies, the Class Complaint should be dismissed as to HCA Healthcare and the Divisions for multiple reasons.

        **1.     There Are No Allegations Against the Divisions**

The Class Complaint fails to plead any plausible basis for the claims asserted against the Divisions. In fact, aside from the case caption, the Class Complaint mentions the East Florida Division only (1) time, namely in paragraph 14 when it sets forth allegations of personal jurisdiction.

The allegations against the North Florida Division are also sparse. It is mentioned in the case caption, in paragraph 1 which introduces the parties, in paragraph 13 which alleges personal jurisdiction, and in paragraphs 40, 45, and 50 where the Plaintiffs allege a "standard practice" of all the Defendants (excluding the East Florida Division, which is not mentioned).

The wholesale absence of any plausible allegations of wrongdoing against the Divisions falls far short of the pleadings standards set forth above. *See, e.g.*, *Derrig*, 2013 U.S. Dist. LEXIS 84752, *6 n.2. Plaintiffs fail to allege a single fact to establish that the Divisions engaged in any particular action or inaction, and therefore fail to plead any plausible basis for the claims asserted against the Divisions. There simply is no allegation that the Divisions did anything, other than perhaps being affiliates of HCA Healthcare. Accordingly, the Class Complaint should be dismissed as to the Divisions.

### 2. The Class Complaint Improperly Lumps Together All the Defendants, Rendering it Impossible to Determine Which Allegations Pertain to Which Defendants

Rather than setting forth sufficient allegations regarding each Defendant, Plaintiffs broadly allege that *all* of the Defendants have collectively engaged in wrongdoing. The problem with Plaintiffs' approach is that it disregards the pleading standards set forth above.

On their face, the documents Plaintiffs refer to in their Complaint belie Plaintiffs' own generalized allegations as to HCA Healthcare and the Divisions. For example, the "Conditions of Admission" forms do not mention the Divisions or HCA Healthcare at all.[5] Similarly, the "bills" Plaintiffs reference show the Hospitals' names, not the Divisions or HCA Healthcare. Moreover, the Class Complaint sets forth no plausible allegations that the Division or HCA Healthcare operate the Hospitals (or any hospital) or that they engage in any billing or collections practices.

Plaintiffs' failure to differentiate between the Hospitals, the Divisions, and HCA Healthcare, particularly in light of the undisputed documents that lie at the heart of their claims, render the Class Complaint untenable. *See, e.g.*, *Noon*, 2019 U.S. Dist. LEXIS 17519 at *12 (describing "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" and granting defendant's motion to dismiss) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

---

[5] The Conditions of Admission and billing documents of each Plaintiff are being filed under seal by the Hospitals.

### 3. Plaintiffs' "Agency Allegations" Fail to Rehabilitate The Class Complaint's Fatal Flaws

Plaintiffs' "Agency Allegations" against HCA Healthcare (Compl. ¶¶ 21-29) do not rescue their claims. Plaintiffs fail to allege any viable theory of agency under Florida law, resulting in a confusing Class Complaint that fails to provide adequate notice to Defendants of the claims brought against them.

To begin with, Plaintiffs fail to specify which type of agency under Florida law – that is, actual or apparent agency – they are asserting as to HCA Healthcare. "Actual agency and apparent agency should be alleged in separate counts because it promotes clarity for two different theories of liability that require different elements." *Noon*, 2019 U.S. Dist. LEXIS 17519 at *14-15 (citing *Hayes v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 108518 (N.D. Ga. Aug. 6, 2014)).

Even if Plaintiffs are attempting to plead a specific theory of agency, they fail to allege any of the necessary factual details for a valid claim. Their "Agency Allegations," in a conclusory fashion, allege concepts of "control," but fail to allege any of the factual elements required to plead any theory of agency. *See Noon*, 2019 U.S. Dist. LEXIS 17519 at *15 ("**Actual agency** exists when the principal acknowledges that the agent will act for it, the agent accepts the undertaking, and the principal controls the agent's actions.") (emphasis added) (citing *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536 (S.D. Fla. June 5, 2012); *see Noon*, 2019 U.S. Dist. LEXIS 17519 at *15 ("*[A]pparent agency* exists where the alleged principal makes a manifestation that causes a third party to reasonably believe that the alleged agent had the authority to act for the benefit of the principal, and the third party reasonably acts on such belief to his detriment."). The "Agency Allegations" set

forth no allegations of acknowledgment to act, acceptance of an undertaking, a manifestation causing Plaintiffs to believe the alleged agent had the authority to act for the benefit of the alleged principal, or – importantly – that Plaintiffs acted on such belief to their detriment.

Because Plaintiffs fail to allege any viable theory of agency under Florida law, the Class Complaint should be dismissed as to HCA Healthcare.

### B. The Class Complaint Fails to Plead any Factual or Plausible Basis for Claims Relating to Facilities Other Than the Named Hospitals, and Plaintiffs Lack Standing to Bring Any Such Claims

The Class Complaint fails for the additional reason that Plaintiffs lack standing to assert claims against unnamed non-defendant hospitals. The issue of standing is a threshold inquiry that should be made at the outset of the case. *See Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 910 (Fla. 4th DCA 2013); *United Auto Ins. Co. v. Diagnostics of S. Florida, Inc.*, 921 So. 2d 23, 25 (Fla. 3d DCA 2006). To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant. "[A] party must have an injury in fact for which relief is likely to redress." *Pandya v. Israel*, 761 So. 2d 454, 456-57 (Fla. 4th DCA 2000). *Id.*

Plaintiffs apparently seek to assert claims on behalf of putative class members who were treated at other facilities across Florida. (*See, e.g.*, Compl. ¶ 5: "This action is limited to individuals who were provided emergency care after presenting to an emergency room facility operated by HCA Florida or one of its affiliates…").

However, claims involving facilities other than those at which Plaintiffs were treated fail because Plaintiffs do not assert any factual allegations involving those facilities. Indeed,

9

Plaintiffs do not make *any* allegations about the billing practices or rates charged by those facilities other than in the most conclusory terms.

Even if the Class Complaint included sufficient allegations involving the actions of other facilities, Plaintiffs would lack standing to bring such claims because they were not treated at those facilities. To have Article III standing, a plaintiff must establish a "personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks omitted) (emphasis in original); *see also Griffin v. Dugger*, 823 F.2d 1476, 1482–83 (11th Cir. 1987). The law in the Eleventh Circuit is clear that at least one named plaintiff must establish Article III standing for each class sub-claim. *See, e.g.*, *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1288 (11th Cir. 2001) ("[I]t is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim.").

Consumer class representatives seeking to assert claims based on services they never received lack the "personal stake in the outcome of the controversy" necessary to confer standing. *See, e.g.*, *Toback v. GNC Holdings, Inc.*, No. 13-cv-80526, 2013 U.S. Dist. LEXIS 131135, *14–15 (S.D. Fla. Sept. 13, 2013) (finding plaintiff lacked Article III standing to bring FDUTPA claims relating to products he never purchased because plaintiff could not have suffered any injury from such products). Here, Plaintiffs lack standing to assert claims against facilities other than the hospitals where they received services because they could not have suffered any injury from other hospitals. Because Plaintiffs fail to allege any factual or

10

plausible basis for bringing claims involving facilities other than the three named Hospitals, the claims as to all other facilities should be dismissed or stricken from the Class Complaint.

### C. The Class Complaint Fails to State a Claim for Declaratory Judgment (Count I)

#### 1. Neither HCA Healthcare Nor the Divisions Are Parties to the COA

In Count I, Plaintiffs seek a declaration that the Hospitals have engaged in a practice of charging undisclosed emergency department fees, and that the terms of the Hospitals' COA forms do not authorize such changes or that said terms are unenforceable. Count I should be dismissed as against HCA Healthcare and the Divisions for the simple reason that neither HCA Healthcare nor the Divisions was a party to any contract with Plaintiffs. As reflected in the Class Complaint and the COA forms, any contractual relationship that Plaintiffs may have had was with the Hospital from which they received services. The allegations provide no factual basis to seek declaratory relief as against HCA Healthcare or the Divisions as to the underlying contracts.

On their face, the COA forms establish that the Hospitals are the other party to each contract. There is no reference to HCA Healthcare or the Divisions anywhere in the COA forms, nor do Plaintiffs plead any facts that would suggest those entities were a party to any COA (or other) form that Plaintiffs have executed. (*See id*.; *see also* Compl.). As such, there is no legal basis upon which to seek declaratory relief against these Defendants.

#### 2. No Actual Controversy Presently Exists Between the Parties

Furthermore, a party seeking a declaratory judgment must show that "there is a bona fide, actual, present practical need for the declaration" and a "present, ascertained or

ascertainable state of facts or present controversy as to a state of facts."[6] For the reasons stated above, there is no present controversy or practical need for a declaration as to any HCA Healthcare and the Divisions because the Class Complaint does not plausibly allege that those entities engaged in any billing practices or entered into contracts with Plaintiffs. Moreover, as set forth in the Hospitals' Motion to Dismiss, Plaintiffs do not allege that they paid any amount to the Hospitals or that Defendants made any effort to collect any amount from them. Further, in light of the Hospitals' write-offs pertaining to these accounts, there is no plausible basis to conclude that Defendants will seek collection in the future. Under these circumstances, there is simply no basis for this Court to issue a declaratory judgment. *See Chiles*, 680 So. 2d at 404.

### D. The Class Complaint Fails to State a Claim Against HCA Healthcare for Violation of FDUTPA Because It Was Not Engaged in Trade or Commerce (Count II)

Count II of the Class Complaint fails to state a claim against HCA Healthcare because Plaintiffs have not and cannot plead that it was engaged in trade or commerce. The essential prerequisite of a claim under FDUTPA is that the defendant was engaged in "trade or commerce." *See, e.g., Economakis v. Butler & Hosch, P.A.*, No. 2:13-cv-832, 2014 U.S. Dist. LEXIS 26779, *6–8 (M.D. Fla. Mar. 3, 2014) (dismissing FDUTPA claim where plaintiff failed to allege defendant was engaged in "trade or commerce"); *State Office of Atty. Gen. v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 355 (Fla. 4th DCA 2011) (finding no

---

[6] *Coalition for Adequacy & Fairness in School Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996) (citation omitted). Moreover, a party seeking declaratory judgment must show: "that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity." *Id.*

12

FDUTPA claim where challenged conduct "did not fall within the rubric of 'trade or commerce'"). Trade or commerce is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

All of Plaintiffs' allegations relate to services provided by the Hospitals, not HCA Healthcare. The exhibits filed by the Hospitals demonstrate conclusively that it was the Hospitals that provided the services in question pursuant to its COA forms, and that the Hospitals billed for those services. HCA Healthcare is a *holding* company, not an entity engaged in any trade or commerce. *Cf. Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007) (dismissing FDUTPA claim where defendant did not "advertise, solicit, provide, offer, or distribute anything" to plaintiff) (internal quotation marks omitted).

Even if Plaintiffs could plead that HCA Healthcare was engaged in trade or commerce, Plaintiffs would need to adequately plead three elements to establish a FDUTPA claim: (*i*) a deceptive act or unfair practice; (*ii*) causation; and (*iii*) actual damages. *See Maguire v. S. Homes of Palm Beach*, 591 F. Supp. 2d 1263, 1271 (S.D. Fla. 2008); *see also City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008). Plaintiffs fail to adequately plead *any* of these elements as to HCA Healthcare because there are no particularized allegations made against it at all.

Furthermore, pursuant to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

13

Rule 9(b) requires plaintiffs to set forth "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of such statements and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *Findwhat Investor Group v. Findwhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011); *Osprey Special Risks*, 2011 U.S. Dist. LEXIS 1981 at *6–7. Additionally,

> [b]ecause fair notice is perhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme. Therefore, in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (internal citations and quotation marks omitted).

Plaintiffs' FDUTPA claim must meet the Rule 9(b) "particularity" standard. *Akzo Nobel Coatings, Inc. v. Auto Paint & Supply of Lakeland, Inc.*, No. 8:09-cv-2453, 2010 U.S. Dist. LEXIS 84544, *12 (M.D. Fla. July 16, 2010) (dismissing FDUTPA claim and noting "[m]ost courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b)"). The Class Complaint is striking in its indiscriminate and imprecise allegations that, collectively, lump all the defendants together under each count, without delineating specific allegations with respect to HCA Healthcare and each of the other defendants. (*Id.*; *see also* Compl. ¶¶ 30–38). In the absence of properly particularized allegations, the FDUTPA claim against HCA Healthcare should be dismissed. *Osprey Special Risks*, 2011

U.S. Dist. LEXIS 1981 at *6 ("Indeed, most of the complaint's allegations refer to 'Defendants,' without specifying who Plaintiffs are referring to. 'Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'").

For all of the foregoing reasons, the FDUTPA claim against HCA Healthcare should be dismissed. Additional grounds for dismissal of the FDUTPA claim are set forth in the Hospitals' Motion to Dismiss, which apply equally to HCA Healthcare and the Divisions.

### IV.  Joinder in Hospitals' Motion to Dismiss

The Hospitals demonstrate in their Motion to Dismiss that each of Plaintiffs' claims should be dismissed. The Hospitals' positions and arguments also apply to HCA Healthcare and the Divisions. HCA Healthcare and the Divisions therefore join in and adopt those positions and arguments, and request that the Court dismiss Plaintiffs' claims against HCA Healthcare and Divisions for the reasons set forth in the Hospitals' Motion to Dismiss.

### V.  Conclusion

WHEREFORE, for the reasons stated herein and in the Hospitals' Motion to Dismiss, Defendants HCA Healthcare, Inc., North Florida Division I, Inc. and East Florida Division, Inc. respectfully move this Court to dismiss the Class Complaint and Demand for Jury Trial (Doc. 1-1) with prejudice and for all such further relief this Court deems just.

/s/ John D. Emmanuel
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: 813 222 8180
Fax: 813 222 8189
*Attorneys for Defendants North Florida Division, Inc., East Florida Division, Inc. and HCA Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing Motion to Dismiss with the Clerk for the United States District Court, Southern District of Florida. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record.

/s/ John D. Emmanuel
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL 33602
Tel: 813 222 8180
Fax: 813 222 8189
*Attorneys for Defendants North Florida Division, Inc., East Florida Division, Inc. and HCA Healthcare, Inc.*

4852-3218-9849, v. 1