**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

KEITH OLEARY, TIMOTHY SHAW, and
NATHAN HAVILAND on behalf of
themselves and, all others similarly situated,

      Plaintiffs,

vs.

**CASE NO.: 19-CV-80647-WJ**

HCA HEALTHCARE, INC., a Delaware
Corporation d/b/a HCA FLORIDA,
POINCIANA MEDICAL CENTER, INC.,
a Florida Corporation; FORT WALTON
BEACH MEDICAL CENTER, INC.,
a Florida Corporation; PALMS WEST
HOSPITAL LP, a Delaware Limited
Partnership and NORTH FLORIDA
DIVISION I, INC., a Florida Corporation;
and, EAST FLORIDA DIVISION, INC.,
a Florida Corporation

      Defendants.

_____/

**DEFENDANT HOSPITALS' UNOPPOSED MOTION FOR LEAVE TO FILE
UNDER SEAL UNREDACTED MOTION TO DISMISS AND EXHIBITS**

Defendants Poinciana Medical Center, Inc. ("Poinciana"), Fort Walton Beach Medical Center, Inc. ("Fort Walton Beach") and Palms West Hospital Limited Partnership (Palms West") (collectively, the "Defendant Hospitals"), pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Rule 5.4 of the Local Rules of this Court, hereby move for leave to file certain portions of their Motion to Dismiss (the "Motion to Dismiss") and certain exhibits attached thereto (the "Exhibits") unredacted and under seal as described herein.

I.   **Identification and Description of Each Item to Be Filed Under Seal.**

The Defendant Hospitals move for leave to file an unredacted copy of their Motion to Dismiss and the following exhibits to their Motion to Dismiss, under seal, through the <u>closure of this case</u>:

- **Exhibit 1:** Haviland Conditions of Admission contract [REDACTED];
- **Exhibit 2:** Haviland Uninsured Patient Information Document [REDACTED];
- **Composite Exhibit 3:** Declaration of Records Custodian of Poinciana ("Poinciana Decl.") [REDACTED];
    - **Exhibit 3-1:** Haviland Patient Statement dated February 21, 2017 [REDACTED];
    - **Composite Exhibit 3-2:** (i) Form "1279" letter; (ii) Haviland Itemized Statement of Charges [REDACTED];
- **Exhibit 4:** Shaw Conditions of Admission contract [REDACTED];
- **Composite Exhibit 5:** Declaration of Records Custodian of Palms West Hospital ("Palms West Decl.") [REDACTED];
    - **Composite Exhibit 5-1:** Shaw Itemizations of Hospital Services, dated January 25, 2019, and January 30, 2019 [REDACTED];
- **Exhibit 6:** Oleary's Conditions of Admission contract [REDACTED];
- **Composite Exhibit 7:** Declaration of Records Custodian of Fort Walton Beach Medical Center ("FWBMC Decl.") [REDACTED];
    - **Composite Exhibit 7-1:** (i) Oleary UB-04; (ii) Oleary EOB [REDACTED];
    - **Exhibit 7-2:** Oleary Patient Statement [REDACTED]; and
    - **Composite Exhibit 7-3:** (i) Form "1279" letter; (ii) Oleary Itemized Statement of Charges [REDACTED];

(collectively, the "Exhibits"). The Defendant Hospitals' Motion to Dismiss and the Exhibits contain protected health information and/or personally identifiable information subject to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1301 *et seq.*, and the rules promulgated thereunder ("HIPAA"). The HIPAA-protected information contained in the Hospital Defendants' Motion to Dismiss and Exhibits include Plaintiffs' dates of birth, medical record numbers, addresses, procedure codes, dates of services and account numbers. Only the information required to be maintained confidential pursuant to HIPAA has been redacted from the Motion to Dismiss and the Exhibits.

## II.     Reason That Filing Each Item is Necessary.

The Exhibits are cited and referenced in the Defendant Hospitals' Motion to Dismiss. The Condition of Admission contracts and billing communications are cited by Plaintiffs in their Class Complaint and Demand for Jury Trial, but not attached. The Court should have the opportunity to review these documents in their entirety in considering the Defendant Hospitals' Motion to Dismiss. Therefore, it is necessary for the Defendant Hospitals to file their Motion to Dismiss with the Exhibits.

As previously noted, the Motion to Dismiss and Exhibits contain information that is protected pursuant to HIPAA, and, specifically, containing protected HIPAA identifiers. In order to continue to protect Plaintiffs' confidential information, the Defendant Hospitals seek to seal the unredacted versions of the Motion to Dismiss and Exhibits. The Court may properly review such materials at the motion to dismiss stage, as the Defendant Hospitals' Motion to Dismiss is brought pursuant to both 12(b)(1) and 12(b)(6). For purposes of a Rule 12(b)(1) factual attack on jurisdiction, the Court may consider extrinsic documents. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Alternatively, for purposes of a motion to

dismiss brought pursuant to Rule 12(b)(6), the court may consider a document attached to a without converting the motion into one for summary judgment if the attached documents are (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the documents go either to the question of whether there is a live case or controversy before the Court, or alternatively, are documents central to the matter in dispute, but not otherwise attached to the Complaint.

### III. Reason that a Means Other Than Sealing is Unavailable or Unsatisfactory to Preserve the Interest Advanced by the Movant in Support of the Seal.

Sealing the unredacted versions of the Motion to Dismiss and Exhibits is necessary to maintain the confidentiality of Plaintiffs' protected health information and personally identifiable information. Given that it is necessary to cite to these Exhibits, there is no means other than sealing that would protect the confidentiality of the information set forth therein.

### IV. Proposed Duration of the Requested Sealing.

The Defendant Hospitals request that the unredacted Motion to Dismiss and Exhibits remain under seal until further order of the Court and through the closure of this case.

### V. Memorandum of Legal Authority Supporting the Seal.

The Defendant Hospitals are covered entities, which is subject to the stringent requirements of HIPAA. *See* 45 C.F.R. § 160.103. HIPAA is designed to maintain patient's protected health information and personally identifiable information strictly confidential. *Pena v. Marcus,* Case No. 6:15-cv-69-ORL-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (citing *OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin.*, 713 F.3d 1291, 1293 (11th Cir. 2013)).

Good cause exists for sealing these documents. The sealing of this information is requested to prevent the disclosure of Plaintiffs' private information. The sealing of a patient's

protected health information is appropriate as the "only viable means of protecting [a] Plaintiff's privacy interest in her medical records." *Id.*

Further, no party will be prejudiced by the relief sought herein.

WHEREFORE, Poinciana Medical Center, Inc., Fort Walton Beach Medical Center, Inc. and Palms West Hospital Limited Partnership respectfully move for their unredacted Motion to Dismiss and Exhibits to be filed under seal through the closure of this case

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1.(a)(3), the undersigned certifies that counsel for the Defendant Hospitals has conferred with counsel for Plaintiffs via email in a good faith effort to resolve the issues raised by this motion.  Plaintiffs' counsel agrees with the relief sought herein.

Dated: June 14, 2019

Respectfully Submitted,

TACHE, BRONIS, CHRISTIANSON AND DESCALZO, P.A.
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Telephone:  (305) 537-9565
Facsimile:  (305) 537-9567

By: */s/ Walter J. Taché*
    Walter J. Taché, Esq.
    Florida Bar No. 028850
    wtache@tachebronis.com

    Magda C. Rodriguez, Esq.
    Florida Bar No. 072688
    mrodriguez@tachebronis.com
    service@tachebronis.com

*Counsel for Defendants*
*Poinciana Medical Center, Inc.*
*Fort Walton Beach Medical Center, Inc. and*
*Palms West Hospital Limited Partnership*

**CERTIFICATE OF SERVICE**

I CERTIFY THAT, on this 14th day of June, 2019 I electronically filed the foregoing document with the Clerk for the United States District Court, Southern District of Florida. The electronic case filing system (CM/ECF) will send a Notice of Electronic Filing (NEF) to the attorneys of record.

Jared Michael Lee, Esq.
JACKSON LEE, P.A.
1991 Longwood Lake Mary Road
Longwood, Florida 32750
Jared@JacksonLeePA.com
*Attorney for Plaintiff*

John D. Emmanuel, Esq.
Ashley B. Trehan, Esq.
Buchanan, Ingersol & Rooney, P.C.
401 East Jackson Street, Suite 2400
Tampa, Florida 33602
John.emmanuel@bipc.com
Ashley.trehan@bipc.com
Sabrian.Storno@bipc.com
*Attorneys for Defendants*
*East Florida Division, Inc.*
*North Florida Division I, Inc. and*
*HCA Healthcare, Inc.*

By: */s/ Walter J. Taché*
   Walter J. Taché

6